UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                    Case No. 14-12682-BKC-RAM

GRACE J. MOREJON,                                         Chapter 11

      Debtor.
_____/

### PLAN OF REORGANIZATION OF GRACE J. MOREJON

**Submitted on February 3, 2016 by:**

ZACH B. SHELOMITH, ESQ.
zshelomith@lslawfirm.net
Florida Bar No. 0122548
LEIDERMAN SHELOMITH, P.A.
Co-Counsel for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

JASON H. WEBER, ESQ.
jason@xanderlaw.com
Florida Bar No. 86832
XANDER LAW GROUP, P.A.
Co-Counsel for the Debtor
One NE Second Avenue, Suite 200
Miami, Florida 33132
Telephone: (305) 767-2001
Facsimile: (855) 926-3370

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Grace J. Morejon (the "Debtor") from the following sources: (a) the Debtor's income from her employment as a realtor through her company, Area Expert Realty, Inc.; (b) the Debtor's income from her company, Associate Funding Services, Inc., which owns three (3) investment real properties that generate rental income; (c) family assistance from the Debtor's husband; and (d) rental income from the Debtor's seven (7) investment real properties located at 4922 NW 173 Dr, Miami, FL 33055, 2342 NW 56 St, Miami, FL 33142, 4624 NW 29 Ave, Miami, FL 33142, 17175 NW 41 Ave, Miami, FL 33055, 7926 NW 10 Ct, Miami, FL 33044, 773 NW 78 St, Miami, FL 33150 and 5201 SW 138 Terr, Miramar, FL 33027.

This Plan provides for 10 classes of secured claims, 2 classes of unsecured priority claims, 2 classes of general unsecured claims and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 2.5475 cents on the dollar. This Plan also provides for the payment of administrative claims in full on the Effective Date of this Plan, or upon such other terms as agreed to between the Debtor and the administrative claimant(s).

All creditors and equity security holders should refer to Articles II through V of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES
## FEES AND PRIORITY TAX CLAIMS

2.01   Unclassified Claims.  Under 11 U.S.C. § 1123(a)(1), administrative expense claims and priority tax claims (other than 11 U.S.C. § 507(a)(8) claims) are not in classes.

2.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.   The Debtor requests that the Court set an administrative claims bar date of fifteen (15) days after the date of confirmation of this Plan, unless an earlier date has been set by the Court.

2.03   Priority Tax Claims.   Each holder of a priority tax claim will be paid either in full on the Effective Date of this Plan, or over a term of sixty (60) months, as further set forth below.

2.04   United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), through the date of confirmation of this Plan, within fourteen (14) business days of entry of Order confirming this Plan. The Reorganized Debtor will file with the Bankruptcy Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1A – Priority Unsecured Claims of Real Property Tenants<br><br>**Total priority unsecured claims: $0.00** | Unimpaired | Class 1A consists of all allowed priority unsecured claims of Real Property Tenants who are owed security deposits. Upon the expiration of the unexpired leases described herein (or such other unexpired leases that arose after the Petition Date), the Debtor may become obligated to repay her tenants their security deposits, pursuant to applicable law. The Debtor believes that as of the date of the filing of this Plan, no such amounts are due and payable. However, in an abundance of caution, in the event that it is determined that the Debtor is obligated to pay her tenants these security deposits, such security deposits will be repaid in full at that time, or at the Effective Date, whichever date is later. |
| Class 1B – Other Priority Claims | Unimpaired | Other than set forth above, no other priority claims have been scheduled by the Debtor and the Debtor does not believe that any other priority claims exist. However, in the event that it is determined by the Court that any additional priority claims do exist, then each holder of a Class 1B Priority Claim will be paid in full, over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter thereafter. |
| Class 2A – Secured Claim of Bank of New York as trustee for CWALT 2007-OA2 (first mortgage on homestead property) (Claim # 8)<br><br>**Total claim amount: $605,876.70 (secured = $605,876.70; unsecured = $0.00)** | Impaired | Class 2A, the Secured Claim of Bank of New York as trustee for CWALT 2007-OA2 (first mortgage on homestead property), is impaired by this Plan. This claim is secured by the real property located at 14076 SW 54 St, Miramar, FL 33027 (the "14076 Property"), which is the Debtor's homestead/primary residence. The Debtor is behind in the mortgage payments on the 14076 Property; however, she intends on retaining the 14076 Property through a mortgage modification, either through this Court's Mortgage Modification Mediation (MMM) program or through a direct modification application directly with the Claimant.<br><br>Accordingly, as to treatment to the Claimant pursuant to this |

| | | |
|---|---|---|
| | | Plan, this claim will be paid pursuant to the note, mortgage and any other loan documents entered into between the Claimant and the Debtor, and will not be modified or otherwise altered by virtue of this bankruptcy proceeding, other than through the express consent of the Claimant, through one of the modification procedures set forth above. The Claimant will retain its lien on the 14076 Property during such time that the Debtor remains the owner of such property.  The Claimant will not be entitled to a Class 11 General Unsecured Claim, as its claim will be deemed fully-secured.  Upon entry of the Debtor's discharge, she shall be discharged of any and all *in personam* liability with respect to this claim. |
| Class 2B – Secured Claim of Bank of New York Mellon (second mortgage on homestead property) (Claim # 1)<br><br>**Total claim amount: $60,585.33 (secured = $0.00; unsecured = $60,585.33)** | Impaired | Class 2B, the Secured Claim of The Bank of New York Mellon as Trustee on behalf of CWHEQ Home Equity Loan Trust 2007-C (second mortgage on homestead property), is impaired by this Plan.  This claim was secured by the 14076 Property.  Pursuant to Court order [ECF No. 125], this claim was reclassified as an allowed secured claim in the amount of $0.00, and as an allowed general unsecured claim in the amount of $60,585.33.  Accordingly, the Claimant's claim shall be paid as a Class 11 General Unsecured Claim. |
| Class 3 – Secured Claim of Wells Fargo Bank, N.A. (first mortgage on investment property) (Claim # 12)<br><br>**Total claim amount: $335,074.91 (secured = $100,900.00; unsecured = $234,174.91)** | Impaired | Class 3, the Secured Claim of Wells Fargo Bank, National Association, as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2006-AR3 Mortgage Pass-Through Certificates, Series 2006-AR3 (first mortgage on investment property), is impaired by this Plan.  This claim is secured by the real property located at 4922 NW 173 Dr, Miami, FL 33055.  Pursuant to Court order [ECF No. 93], this claim was reclassified as an allowed secured claim in the amount of $100,900.00, and as an allowed unsecured claim for the balance.<br><br>The secured claim will be paid at the rate of 4.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $496.37, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter.  Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real estate taxes, if any are outstanding.  Payments shall be made to the address listed on the Claimant's Proof of Claim, or such other address provided by the Claimant to the Debtor's counsel.<br><br>Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 4.25% interest), upon confirmation of this Plan.<br><br>Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes |

| | | |
|---|---|---|
| | | and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant. |
| | | The Claimant will retain its lien on the subject property during the time that payments are made.  The allowed undersecured claim, in the amount of $234,174.91, will be paid in accordance with Class 11 unsecured creditors below. |
| Class 4 – Secured Claim of Real Time Resolutions, Inc. (first mortgage on investment property) (Claim # 9)<br><br>**Total claim amount: $181,284.75 (secured = $32,797.00; unsecured = $148,487.75)** | Impaired | Class 4, the Secured Claim of Real Time Resolutions, Inc. as agent for U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 (first mortgage on investment property), is impaired by this Plan.  This claim is secured by the real property located at 2342 NW 56 St, Miami, FL 33142.  Pursuant to Court order [ECF No. 84], this claim was reclassified as an allowed secured claim in the amount of $32,797.00, and as an allowed unsecured claim for the balance. |
| | | The secured claim will be paid at the rate of 4.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $161.34, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter.  Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real estate taxes, if any are outstanding.  Payments shall be made to the address listed on the Claimant's Proof of Claim, or such other address provided by the Claimant to the Debtor's counsel. |
| | | Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 4.25% interest), upon confirmation of this Plan. |
| | | Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant. |
| | | The Claimant will retain its lien on the subject property during the time that payments are made.  The allowed undersecured claim, in the amount of $148,487.75, will be paid in accordance with Class 11 unsecured creditors below. |
| Class 5A – Secured | Impaired | Class 5A, the Secured Claim of U.S. Bank National |

| | | |
|---|---|---|
| Claim of U.S. Bank, N.A. (first mortgage on investment property)<br><br>**Total claim amount: $158,701.93 (secured = $33,973.00; unsecured = $124,728.93)** | | Association, as Trustee for the Holders of Mastr Adjustable Rate Mortgages Trust 2007-1 (first mortgage on investment property), is impaired by this Plan. This claim is secured by the real property located at 4624 NW 29 Ave, Miami, FL 33142. Pursuant to Court order [ECF No. 85], this claim was reclassified as an allowed secured claim in the amount of $33,973.00, and as an allowed unsecured claim for the balance. |
| | | The secured claim will be paid at the rate of 4.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $167.13, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter. Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real estate taxes, if any are outstanding. Payments shall be made to the address listed on the Claimant's Proof of Claim, or such other address provided by the Claimant to the Debtor's counsel. |
| | | Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 4.25% interest), upon confirmation of this Plan. |
| | | Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant. |
| | | The Claimant will retain its lien on the subject property during the time that payments are made. The allowed undersecured claim, in the amount of $124,728.93, will be paid in accordance with Class 11 unsecured creditors below. |
| Class 5B – Secured Claim of Miami-Dade County, Florida (Code Enforcement Lien on investment property)<br><br>**Total claim amount: $10,590.16 (secured = $0.00; unsecured = $10,590.16)** | Impaired | Class 5B, the Secured Claim of Miami-Dade County, Florida (Code Enforcement Lien on investment property), is impaired by this Plan. This claim is secured by the real property located at 4624 NW 29 Ave, Miami, FL 33142. Although the Claimant's Code Enforcement Lien purports to be a first-priority lien against the subject property, pursuant to *City of Palm Bay v. Wells Fargo Bank, N.A.*, 113 So. 3d 924 (Fla. 2013), municipal code enforcement lien cannot have priority over a prior recorded first mortgage. |
| | | Pursuant to Court order [ECF No. 85], the subject property is valued at an amount less than the amount of the prior recorded senior lien(s) referenced in Class 6A above. |
| | | Therefore, the Claimant shall be entitled to an allowed secured claim in the amount of $0.00, and an allowed |

| | | |
|---|---|---|
| | | unsecured claim for $10,590.16. Accordingly, the Claimant's claim shall be paid as a Class 11 General Unsecured Claim. |
| | | Upon the entry of the Debtor's discharge in this case, the Claimant's secured interest in the underlying real property, recorded on September 16, 2015, in Book 29778, Page 1058, in the Public Records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished automatically, without further order of the Court. The Debtor shall correct any outstanding violations with regard to the subject property. |
| Class 6 – Secured Claim of Seterus, Inc./Federal National Mortgage Association (first mortgage on investment property) (Claim # 10)<br><br>**Total claim amount: $426,018.42 (secured = $145,000.00; unsecured = $281,018.42)** | Impaired | Class 6, the Secured Claim of Seterus, Inc. as the Authorized Subservicer for Federal National Mortgage Association ("Fannie Mae"), Creditor c/o Seterus, Inc. (first mortgage on investment property), is impaired by this Plan. This claim is secured by the real property located at 17175 NW 41 Ave, Miami, FL 33055. Pursuant to Court orders [ECF Nos. 91 and 112], this claim was reclassified as an allowed secured claim in the amount of $145,000.00, and as an allowed unsecured claim for the balance. |
| | | The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $800.70, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter. Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real estate taxes, if any are outstanding. The Debtor shall also be responsible for paying Private Mortgage Insurance (PMI) to the claimant, which shall attach to the secured claim, in the amount of $293.76 per month, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter, until such time that the Debtor successfully applies to have the PMI payments canceled. Payments shall be made to the address listed on the Claimant's Proof of Claim, or such other address provided by the Claimant to the Debtor's counsel. |
| | | Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 5.25% interest), upon confirmation of this Plan. |
| | | Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant. |
| | | The Claimant will retain its lien on the subject property during the time that payments are made. The allowed undersecured |

| | | claim, in the amount of $281,018.42, will be paid in accordance with Class 11 unsecured creditors below. |
|---|---|---|
| Class 7 – Secured Claim of Wells Fargo Bank, N.A. (first mortgage on investment property) (Claim # 7)<br><br>**Total claim amount: $190,240.01 (secured = $51,188.00; unsecured = $139,052.01)** | Impaired | Class 7, the Secured Claim of Wells Fargo Bank, National Association, as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2006-AR3 Mortgage Pass-Through Certificates, Series 2006-AR3 (first mortgage on investment property), is impaired by this Plan.  This claim is secured by the real property located at 7926 NW 10 Ct, Miami, FL 33044.  Pursuant to Court order [ECF No. 92], this claim was reclassified as an allowed secured claim in the amount of $51,188.00, and as an allowed unsecured claim for the balance. |
| | | The secured claim will be paid at the rate of 4.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $251.81, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter. Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real estate taxes, if any are outstanding.  Payments shall be made to the address listed on the Claimant's Proof of Claim, or such other address provided by the Claimant to the Debtor's counsel. |
| | | Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 4.25% interest), upon confirmation of this Plan. |
| | | Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant. |
| | | The Claimant will retain its lien on the subject property during the time that payments are made.  The allowed undersecured claim, in the amount of $139,052.01, will be paid in accordance with Class 11 unsecured creditors below. |
| Class 8 – Secured Claim of Taylor Bean & Whitaker Mortgage Corp (first mortgage on investment property) (Claim # 6)<br><br>**Total claim amount: $334,024.48 (secured = $59,720.00; unsecured =** | Impaired | Class 8, the Secured Claim of Taylor Bean & Whitaker Mortgage Corp, c/o Roundpoint Mortgage Servicing Corp. (first mortgage on investment property), is impaired by this Plan.  This claim is secured by the real property located at 773 NW 78 St, Miami, FL 33150.  Pursuant to Court order [ECF No. 122], this claim was reclassified as an allowed secured claim in the amount of $59,720.00, and as an allowed unsecured claim for the balance. |
| | | The secured claim will be paid at the rate of 5.25% over 30 years (360 months), which will result in equal monthly |

| | | |
|---|---|---|
| $274,304.48) | | principal and interest payments of $329.78, beginning on April 1, 2015, and continuing on the first day of every month thereafter. Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real estate taxes, if any are outstanding. Payments shall be made to Roundpoint Mortgage Servicing Corp., 501632 Parkway Plaza Blvd # 200, Charlotte, NC 28217, or such other address provided by the Claimant to the Debtor's counsel. |
| | | Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 5.25% interest), upon confirmation of this Plan. |
| | | The Debtor shall further fully comply with all of the terms and conditions set forth in the Amended Agreed Order Granting Secured Creditor's Motion for Adequate Protection [ECF No. 163]. To the extent that any adequate protection payments are outstanding on the Effective Date of the Plan, such payments will be paid in full on the Effective Date. To the extent that there is any dispute as to any arrearages that are due, the Court will retain jurisdiction to determine such dispute. |
| | | Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant. |
| | | The Claimant will retain its lien on the subject property during the time that payments are made. The allowed undersecured claim, in the amount of $274,304.48, will be paid in accordance with Class 11 unsecured creditors below. |
| Class 9 – Secured Claim of Wells Fargo Bank, N.A. (first mortgage on investment property) (Claim # 11)<br><br>**Total claim amount: $500,687.40 (secured = $208,000.00; unsecured = $292,687.40)** | Impaired | Class 9, the Secured Claim of Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12 (first mortgage on investment property), is impaired by this Plan. This claim is secured by the real property located at 5201 SW 138 Terr, Miramar, FL 33027. Pursuant to Court order [ECF No. 94], this claim was reclassified as an allowed secured claim in the amount of $208,000.00, and as an allowed unsecured claim for the balance. |
| | | The secured claim will be paid at the rate of 4.25% over 30 years (360 months), which will result in equal monthly principal and interest payments of $1,023.23, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter. Taxes and insurance shall not be escrowed and shall be the responsibility of the Debtor, including 2015 real |

| | | |
|---|---|---|
| | | estate taxes, if any are outstanding.  Payments shall be made to the address listed on the Claimant's Proof of Claim, or such other address provided by the Claimant to the Debtor's counsel.

Additionally, any adequate protection payments paid by the Debtor to the Claimant prior to the Effective Date of this Plan shall be credited to the amount of the Claimant's secured claim (to principal and interest, accordingly, at 4.25% interest), upon confirmation of this Plan.

Furthermore, to the extent that the Court determines that the Claimant is entitled to an administrative claim, by virtue of any post-petition escrow advances for real estate taxes and/or insurance, such post-petition escrow advances shall be paid at the rate of 4.25% over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter, or upon such other terms as agreed to between the Debtor and the Claimant.

The Claimant will retain its lien on the subject property during the time that payments are made.  The Debtor's treatment of this claim shall have no effect on the Claimant's *in personam* claim against Juan Morejon.  The allowed undersecured claim, in the amount of $292,687.40, will be paid in accordance with Class 11 unsecured creditors below. |
| Class 10 – General Unsecured (Non-Dischargeable) Federal Student Loan Claims

**Total Federal Student Loan Claims: $129,326.27** | Unimpaired | Class 10 consists of all allowed general unsecured federal student loan claims (the "Student Loans"), which are non-dischargeable, pursuant to 11 U.S.C. § 523(a)(8).  Class 10 is unimpaired.

The Student Loans will be paid pursuant to the underlying student loan documents entered into between the Claimant(s) and the Debtor, and will not be modified or otherwise altered by virtue of this bankruptcy proceeding, as the Student Loans are non-dischargeable.

The Debtor may, at her option, seek to pay the Claimant(s) through any federal repayment plan(s) offered by the United States Department of Education, including the Income-Based Repayment Plan (IBR).  As the Claimant(s) will be paid in full as a separately-classified general unsecured class, the Claimant(s) will not participate in any distribution to Class 11 unsecured creditors. |
| Class 11 - General Unsecured Creditors

**Total Unsecured Claims: $1,570,167.97** | Impaired | Class 11 consists of all allowed general unsecured claims, including undersecured claims.  The Class 11 Creditors shall share *pro rata* in a total distribution in the amount of $40,000.00 (the "Plan Payments").

Any allowed unsecured or undersecured general claimant scheduled to receive a total distribution of $250.00 or less shall be paid in a lump sum within sixty (60) days from the Effective Date.  The Debtor estimates that the lump sum payment(s) will total $115.37. |

| | | |
|---|---|---|
| | | Any allowed unsecured or undersecured general claimant scheduled to receive a total distribution of more than $250.00 shall receive payment over 5 years from the first day of the month following the Effective Date, in 20 monthly payments totaling $1,994.23 per payment, with the first payment due on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every quarter thereafter (the "Plan Period"). |
| | | The specific creditors to be paid under this Plan (as well as a payment schedule) are set forth in the attached Exhibit "A". Unsecured creditors will be receiving a distribution of approximately 2.5475% of their allowed claim(s). |
| Class 12 - Equity Interest of the Debtor | Unimpaired | Class 12 consists of the Debtor's interest in property of the estate, which is retained under this Plan.  The Debtor has committed the value of 5 years of her projected household net disposable income toward funding the Plan, and has otherwise met all of the requirements under the Bankruptcy Code.  Class 12 is presumed to accept the Plan and not entitled to vote. |

3.02    Treatment Upon 11 U.S.C. § 1111(b) Election.  Pursuant to 11 U.S.C. § 1111(b), certain secured creditors (and/or classes of creditors) have the right to elect that its/their claim(s) is a secured claim to the extent that such claim is allowed, notwithstanding 11 U.S.C. § 506 (the "§ 1111(b) Election").  Therefore, any secured creditor that has the right to make the § 1111(b) Election under applicable law and that timely makes the § 1111(b) Election (an "Electing Secured Creditor") shall not be entitled to any Class 11 General Unsecured Claim.  In that instance, the Electing Secured Creditor's proposed Class 11 General Unsecured Claim will be re-distributed to the other remaining Class 11 Claimholders, on a pro-rata basis, throughout the Plan Period.  Such Electing Secured Creditor will also not be entitled to a vote on its Class 11 General Unsecured Claim.

Furthermore, with regard to the secured claim of any Electing Secured Creditor, such secured claim shall be paid pursuant to the monthly payment schedule set forth in ¶ 3.01 above.  However, any secured claim to be paid over 360 months (or such other time period as agreed to by the Debtor and the Electing Secured Creditor) will not be amortized based on the value of the underlying property.  Instead, such payments shall represent payments of principal only.  At the conclusion of 360 monthly payments (or such other time period as agreed to by the Debtor and the Electing Secured Creditor), a balloon payment for the remaining amount of the Electing Secured Creditor's allowed claim shall be payable by the Debtor, in full satisfaction of the Electing Secured Creditor's allowed claim.

3.03    Default of Plan Payment(s).  Unless otherwise specifically set forth above, in the event of any default by the Debtor of any payment required by ¶ 3.01 above, the Claimant shall provide the Debtor with notice of such default, by electronic mail to the Debtor's co-counsel, Zach B. Shelomith, Esq. (at zshelomith@lslawfirm.net) and the Debtor's co-counsel, Jason H. Weber, Esq. (at jason@xanderlaw.com) and by facsimile transmittal (954-920-5371) (the "Default Notice").  The Debtor shall be afforded ten (10) days from the date of receipt by the Debtor's counsel of such Default Notice to cure such default.  The Claimant shall not take any further action(s) against the Debtor, including without limitation, proceeding against the Debtor in a court of competent jurisdiction,

seeking *in rem* remedies against any of the subject properties described above or alleging a "material" default of this Plan by the Debtor, unless the cure period referenced herein has expired.

To the extent that any default by the Debtor (and failure to cure within the time frame referenced above) of any payment required by ¶ 3.01 above relates to a *secured* claim, and occurs <u>during</u> the Plan Period, then such Claimant's remedies are limited to any and all *in rem* remedies against the subject property (pursuant to the underlying loan documents), unless this case is dismissed. To the extent that any default by the Debtor (and failure to cure within the time frame referenced above) of any payment required by ¶ 3.01 above relates to a *secured* claim, and occurs <u>after</u> the Plan Period, then such Claimant's remedies are limited to any and all *in rem* remedies against the subject property (pursuant to the underlying loan documents), as long as the Debtor ultimately receives a discharge. Should the Debtor not receive a discharge, then such remedies shall not be limited and shall include any *in personam* rights against the Debtor pursuant to the underlying loan documents.

To the extent that any default by the Debtor (and failure to cure within the time frame referenced above) of any payment required by ¶ 3.01 above relates to an *unsecured* claim, then such Claimant may pursue whatever remedies are available pursuant to the underlying contract(s) or agreement(s) between the Claimant and the Debtor or pursuant to applicable law. However, should the Debtor ultimately receive a discharge, then any such claims shall be discharged pursuant to the Bankruptcy Code.

## ARTICLE IV
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.01   <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

4.02   <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

4.03   <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE V
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.01   <u>Assumption of Executory Contracts and Unexpired Leases</u>.  The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan:

| Name of Lessee | Property | Monthly Payment | Date Lease Expires |
|---|---|---|---|
| Francine Humphrey | 2342 NW 56 St, Miami, FL 33142 | $1,100.00 | 11/30/2016 |
| Nadiene Fusion | 4624 NW 29 Ave, Miami, FL 33142 | $1,100.00 | 1/31/2017 |
| Andrew Haines | 7926 NW 10 Ct, Miami, FL 33044 | $1,150.00 | 10/31/2016 |
| Dorcelia Watkins | 773 NW 78 St, Miami, FL 33150 | $1,125.00 | 4/30/2016 |
| Paul Ferguson | 5201 SW 138 Terr, Miramar, FL 33027 | $2,250.00 | Month to Month |

5.02    Rejection of Executory Contracts and Unexpired Leases.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

The means necessary for the execution of this Plan include the following: (a) the Debtor's income from her employment as a realtor through her company, Area Expert Realty, Inc. (net income of $500.00 per month for the 12 month period following the Effective Date); (b) the Debtor's income from her company, Associate Funding Services, Inc., which owns three (3) investment real properties that generate rental income (net income of $2,826.74 per month for the 12 month period following the Effective Date); (d) family assistance from the Debtor's husband ($2,652.73 per month for the 12 month period following the Effective Date); and (e) rental income from the Debtor's seven (7) investment real properties located at 4922 NW 173 Dr, Miami, FL 33055 (estimated rental income of $1,700.00 per month) (Debtor in the process of renting), 2342 NW 56 St, Miami, FL 33142 (estimated rental income of $1,100.00 per month), 4624 NW 29 Ave, Miami, FL 33142 (estimated rental income of $1,100.00 per month), 17175 NW 41 Ave, Miami, FL 33055 (estimated rental income of $1,700.00 per month) (Debtor in the process of renting), 7926 NW 10 Ct, Miami, FL 33044 (estimated rental income of $1,150.00 per month), 773 NW 78 St, Miami, FL 33150 (estimated rental income of $1,125.00 per month) and 5201 SW 138 Terr, Miramar, FL 33027 (estimated rental income of $2,250.00 per month).  The Debtor's household net income is described in detail in the Debtor's Disclosure Statement, which is being circulated with this Plan.

The Debtor shall, and believes she can, generate sufficient income to the amount necessary to enable her to make all payments due under the Plan.  Attached to the Disclosure Statement is a 5 year cash flow projection, demonstrating that the Plan Payments are feasible.

To the extent that the Debtor wishes to prepay any amounts due under the Plan from exempt assets or other third party sources, the Debtor reserves the right to do so without penalty and to seek the entry of a final decree closing this case.  In that case, the Plan

Period, as defined above, shall be shortened to such time that the Debtor pays all Class 1B and 11 creditors all amounts due under this Plan.

The Debtor, as reorganized, will retain and will be re-vested in all property of the Estate, excepting property which is to be sold or otherwise disposed of as provided herein, executory contracts which are rejected pursuant to this Plan and property transferred to Creditors of the Debtor pursuant to the expressed terms hereof.  The retained property shall be used by the Debtor in the ordinary course of her personal affairs.  (Further details concerning the nature and scope of the Debtor's personal affairs may be found in the Disclosure Statement which accompanies this Plan).

## ARTICLE VII
## GENERAL PROVISIONS

7.01    Definitions and Rules of Construction.    The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(a)    *Allowed Secured Claim* - shall mean an Allowed Claim for which a Claimant asserts, or upon objection is determined by a Final Order to hold, a valid, perfected and enforceable lien, security interest or other interest or encumbrance in property in which the Debtor has an interest not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or an Allowed Claim for which a Claimant asserts a setoff under 11 U.S.C. § 553, but in any event only to the extent of the value, determined in accordance with 11 U.S.C. § 506(a), of the Claimant's interest in the Debtor's interest in the property or to the extent of the amount subject to such setoff as the case may be.

(b)    *Allowed Undersecured Claim* - shall mean the amount of a prepetition secured Claim that exceeds the value of the collateral securing that Claim and is therefore unsecured.

(c)    *Allowed Unsecured Claim* - shall mean an Allowed Claim which arose or which is deemed to have arisen prior to the filing of the Petition commencing these Proceedings and as to which the Claimant has not asserted, or as to whom it is determined by Final Order does not hold, a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or a right of setoff to secure the payment of such Claim, but excluding unsecured Claims previously paid in the Proceedings pursuant to agreements approved by the Bankruptcy Court, if any.

Amount of Allowed Unsecured Claims.  The Debtor's scheduled undersecured and unsecured claims are set forth in her Schedules D and F [ECF No. 24] and Amended Schedules D and F [ECF No. 48].  Attached hereto as Exhibit "A" is a list of all general unsecured dischargeable claims to be paid under this Plan, including the proposed distribution and proposed first dividend.  The aggregate amount of claims included in Class 11 is $1,570,167.97, subject to the provisions of ¶ 3.02 above.

Based upon the distribution amount of $40,000.00, holders of allowed general unsecured claims will receive a distribution of 2.5475%.  This distribution is higher than what holders of allowed general unsecured claims would receive in a hypothetical Chapter

7, in which case the Debtor estimates that such claimants would receive a distribution of 2.4736%.

Liquidation analysis. This estimated distribution in a hypothetical Chapter 7 was determined by analyzing the liquidation value of the Debtor's non-exempt property. The Debtor's real property is undersecured and has no equity. The Debtor's non-exempt personal property is valued at $76,340.00, based on the values set forth in the Debtor's bankruptcy schedules and current funds being held in the Debtor's Debtor-in-Possession Account(s). After deducting estimated Chapter 11 administrative expenses, as well as anticipated Chapter 7 administrative expenses, it was calculated that unsecured creditors would receive a total of $38,840.00 if this case were converted to a Chapter 7 liquidation. A more detailed liquidation analysis is set forth in the Disclosure Statement that accompanies this Plan.

Accordingly, creditors are receiving more by virtue of this Plan, then they would if the Debtor's case was a Chapter 7 proceeding.

(d)    *Causes of Action* - shall be used in its broadest sense and shall include all causes of action of the Debtor and all causes of action which a Trustee would have if the proceedings were converted on the confirmation date to a proceeding under Chapter 7 of the Code and a Trustee were appointed. Causes of action shall include all rights or causes of action, whether legal or equitable, whether they arise under the Code or under other federal or state laws or under judicial decisions, whether or not they are the subject of presently pending litigation and whether they arise before or after the confirmation date, as well as rights belonging to the Debtor pursuant to 11 U.S.C. §§ 506, 510, 544, 545, 547, 548, 549 or 550.

(e)    *Claim* - shall mean any right to payment against the Debtor or right to an equitable remedy against the Debtor for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

(f)    *Petition Date* – shall mean January 24, 2014.

7.02    Effective Date of Plan. The Effective Date of this Plan is the fifteenth (15th) business day following the date of the entry of the order of confirmation. However, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05   <u>Captions</u>.   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06   <u>Controlling Effect</u>.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07   <u>Notice to Class 11 General Unsecured Creditors</u>.   Pursuant to 11 U.S.C. § 1129(a)(15), if you object to confirmation to the Plan, the value of the property to be distributed under the Plan shall not be less than the projected disposable income of the Debtor (as defined in 11 U.S.C. § 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer).   Pursuant to the Plan, the value of the property to be distributed to Class 11 General Unsecured Creditors under the Plan ($40,000.00) is equal to the projected disposable income of the Debtor to be received during the 5-year period beginning on the Effective Date.

## ARTICLE VIII
## <u>DISCHARGE</u>

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in 11 U.S.C. § 1141(d)(5).   The Debtor will not be discharged from any debt excepted from discharge under 11 U.S.C. § 523, except as provided in Fed. R. Bankr. P. Rule 4007(c).

## ARTICLE IX
## <u>EFFECT OF CONFIRMATION</u>

9.01   <u>Vesting of Assets</u>.   Except as otherwise set forth herein or in the Confirmation Order, as of the Effective Date, the property of the Estate shall vest in the Debtor free and clear of all claims, liens, encumbrances, charges and other interests, except those specifically set forth and identified in this Plan.

9.02   <u>Binding Effect</u>.   Except as otherwise provided in 11 U.S.C. § 1141(d)(3), on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a claim against the Debtor and her respective successors and assigns, whether or not the claim of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

9.03   <u>Injunction Against Interference with Plan</u>.   Upon the entry of the Confirmation Order, all holders of claims and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

9.04   <u>Other Effect(s) of Confirmation</u>.   If not otherwise identified herein, then the effect of confirmation of the Plan is as set forth in the Bankruptcy Code and applicable law.

## ARTICLE X
## OTHER PROVISIONS

10.01  <u>Reservation of Rights Under 11 U.S.C. § 1129(b)</u>.   The Debtor expressly reserves the right, pursuant to 11 U.S.C. § 1129(b), to request the Court to confirm this Plan if all of the applicable requirements of 11 U.S.C. § 1129 (a) have been met, other than those of 11 U.S.C. § 1129(a)(8).

10.02  <u>Reservation of Right to Modify Plan Post-Confirmation</u>.  The Debtor expressly reserves the right to request a modification of this Plan at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.  Any such request to modify this Plan shall be noticed to all creditors and interested parties, and no modification shall be granted absent proper notice and hearing.

10.03  <u>Reservation of Rights Under Sections 1141(d)(5) and 350(a)</u>.  The Debtor reserves the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of Discharge, upon the payment of the initial payment(s) under this Plan, payment of all outstanding quarterly United States Trustees Fees, and the filing of any outstanding federal income tax returns.  Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties.  If such request is granted, then upon the satisfaction of all payments required to be paid to Class 1B and 11 creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b), and the Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).  <u>This paragraph only preserves the Debtor's right to seek the relief described above and does not conclusively grant such relief.  Creditors' and interested parties' rights to object to such relief shall similarly be preserved until such time as it is requested by the Debtor after confirmation</u>.

10.04  <u>Disbursing Agent</u>.  All distributions hereunder shall be made by the Debtor, or such other individual or entity designated by the Debtor at the Confirmation Hearing, as Disbursing Agent, on or after the Effective Date or as otherwise provided herein.  A Disbursing Agent shall not be required to give any bond, surety or other security for the performance of his/her/its duties unless otherwise ordered by the Bankruptcy Court, and, in the event that a Disbursing Agent is so ordered, all costs and expenses of procuring any such bond or surety shall be borne by the Debtor.

10.05  <u>Post-Petition Interest on Claims</u>.   Except as required by applicable bankruptcy law, post-petition interest will not accrue on or after the Effective Date on account of any Claim.

10.06  <u>Delivery of Distributions and Undeliverable or Returned Distributions</u>.  Subject to Fed. R. Bank. P. 9010, all distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth on the Schedules filed with the Bankruptcy Court, or on the books and records of the Debtor or her agents, or in a letter of transmittal, unless the Debtor has been notified in writing of a change of address, including, without limitation, by the filing of a Proof of Claim by such holder that contains an address for such holder different from the address reflected on such Schedules for such holder.  In the event that any distribution to any holder is returned as an "Undeliverable or Returned Distribution",

then no further distributions to such holder shall be made unless and until the Debtor is notified of such holder's then-current address, at which time all missed distributions shall be made to such holder, without interest. An "Undeliverable or Returned Distribution" shall include such distributions that are: (a) undeliverable through regular United States Mail, whether such distribution is returned to the Debtor or not; (b) returned to the Debtor because the Claimant cannot locate an account number belonging to the Debtor, despite the Debtor's reasonable diligence in providing the Claimant with the bankruptcy case number, account number and her social security number; (c) returned to the Debtor because the Claimant is no longer operating and has not provided the Debtor or the Court with any assignment information; or (d) returned to the Debtor because the Claimant indicates in writing that the Claimant does not wish to receive any distribution under this Plan and therefore waives any right to payment.

All demands for Undeliverable or Returned Distributions shall be made on or before ninety (90) days after the date such Undeliverable or Returned Distribution was initially made. Thereafter, the amount represented by such Undeliverable or Returned Distribution shall be donated by the Debtor to the Bankruptcy Bar Foundation of the Southern District of Florida, Inc., a legal non-profit organization that funds the pro bono activities of the Bankruptcy Bar Association for the Southern District of Florida. At such time, any Claim in respect of such Undeliverable or Returned Distribution shall be discharged and forever barred from assertion against the Debtor and her property.

10.07 <u>Time Bar to Cash Payments</u>. Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not negotiated within one hundred and eighty (180) days after the date of issuance thereof. Requests for re-issuance of any check shall be made to the Debtor by the holder of the Allowed Claim to whom such check originally was issued. Any Claim in respect of such a voided check shall be made on or before thirty (30) days after the expiration of the one hundred and eighty (180) day period following the date of issuance of such check. Thereafter, the amount represented by such voided check shall be donated by the Debtor to the Bankruptcy Bar Foundation of the Southern District of Florida, Inc., a legal non-profit organization that funds the pro bono activities of the Bankruptcy Bar Association for the Southern District of Florida. At such time, any Claim in respect of such voided check shall be discharged and forever barred.

This Plan of Reorganization is dated February 3, 2016, and is hereby approved by the undersigned.

Grace J. Moreton

Submitted by:

**Zach B. Shelomith, Esq.,**
**Florida Bar No.: 0122548**
**Leiderman Shelomith, P.A.**
2699 Stirling Rd # C401
Ft. Lauderdale, FL 33312
Tel. No.: 954-920-5355
Fax No.: 954-920-5371
E-Mail: zshelomith@lslawfirm.net
***Co-Counsel for the Debtor***

**Jason H. Weber, Esq.,**
**Florida Bar No.: 86832**
**Xander Law Group, P.A.**
1 NE 2 Ave # 200
Miami, FL 33132
Tel. No.: 305-767-2001
Fax No.: 855-926-3370
E-Mail: jason@xanderlaw.com
***Co-Counsel for the Debtor***

**Grace J Morejon  - List of General Unsecured Creditors to be Paid Pursuant to Plan**

**Class 11 General Unsecured Creditors:**

| Class | Claim # | Name of Creditor | Amount of Claim | Proposed Distribution | Initial Payment | Quarterly Payments | Comments |
|---|---|---|---|---|---|---|---|
| 11/2B | 1 | The Bank of New York Mellon as Trustee | $60,585.33 | $1,543.41 | $0.00 | $77.17 | Wholly unsecured claim on 14076 SW 54 St, Miramar, FL 33027 [ECF # 125] |
| 11 | 2 | Memorial Hospital Miramar | $2,832.33 | $72.15 | $72.15 | $0.00 | Unsecured claim |
| 11 | 3 | Capital One Bank (USA), N.A. | $322.71 | $8.22 | $8.22 | $0.00 | Unsecured claim |
| 11 | 5 | American Express Bank FSB | $1,373.54 | $34.99 | $34.99 | $0.00 | Unsecured claim |
| 11/8 | 6 | Taylor Bean & Whitaker Mortgage Corp | $274,304.48 | $6,987.90 | $0.00 | $349.40 | Unsecured portion of first mortgage on 773 NW 78 St, Miami, FL 33150 (Total Claim: $334,024.48) [ECF # 122] |
| 11/7 | 7 | Wells Fargo Bank, N.A. | $139,052.01 | $3,542.35 | $0.00 | $177.12 | Unsecured portion of first mortgage on 7926 NW 10 Ct, Miami, FL 33044 (Total Claim: $190,240.01) [ECF # 92] |
| 11/4 | 9 | Real Time Resolutions, Inc. | $148,487.75 | $3,782.72 | $0.00 | $189.14 | Unsecured portion of first mortgage on 2342 NW 56 St, Miami, FL 33142 (Total Claim: $181,284.75) [ECF # 84] |
| 11/6 | 10 | Seterus, Inc., as Subservicer for FNMA | $281,018.42 | $7,158.94 | $0.00 | $357.95 | Unsecured portion of first mortgage on 17175 NW 41 Ave, Miami, FL 33055 (Total Claim: $426,018.42) [ECF # 112] |
| 11/9 | 11 | Wells Fargo Bank, N.A. | $292,687.40 | $7,456.21 | $0.00 | $372.81 | Unsecured portion of first mortgage on 5201 SW 138 Terr, Miramar, FL 33027 (Total Claim: $500,687.40) [ECF # 94] |
| 11/3 | 12 | Wells Fargo Bank, N.A. | $234,174.91 | $5,965.60 | $0.00 | $298.28 | Unsecured portion of first mortgage on 4922 NW 173 Dr, Miami, FL 33055 (Total Claim: $335,074.91) [ECF # 93] |
| 11/5A | SCH | U.S. Bank, N.A., as Trustee | $124,728.93 | $3,177.47 | $0.00 | $158.87 | Unsecured portion of first mortgage on 4624 NW 29 Ave, Miami, FL 33142 (Total Claim: $158,701.93) [ECF # 85] |
| 11/5B | SCH | Miami-Dade Code Enforcement | $10,600.16 | $270.04 | $0.00 | $13.50 | Wholly unsecured code enforcement lien on 4624 NW 29 Ave, Miami, FL 33142 |
| | | **Total Undisputed Unsecured Claims** | **$1,570,167.97** | **$40,000.00** | **$115.37** | **$1,994.23** | |
| | | **Distribution Percentage** | **2.5475%** | | | | |

**Disposition of Other Claims Not Listed Above:**

| Class | Claim # | Name of Creditor | Amount of Claim | Proposed Disposition |
|---|---|---|---|---|
| N/A | 4 | Internal Revenue Service | $0.00 | Amended Claim # 4-2 filed for $0.00 |
| 8 | 6 | Taylor Bean & Whitaker Mortgage Corp | $59,720.00 | Secured creditor treated in Class 8 - payments in Plan (773 NW 78 St, Miami, FL 33150) |
| 7 | 7 | Wells Fargo Bank, N.A. | $51,188.00 | Secured creditor treated in Class 7 - payments in Plan (7926 NW 10 Ct, Miami, FL 33044) |
| 2A | 8 | Bank of New York, as Trustee | $605,876.70 | Secured creditor treated in Class 2A - payments in Plan (14076 SW 54 St, Miramar, FL 33027) |
| 4 | 9 | Real Time Resolutions, Inc. | $32,797.00 | Secured creditor treated in Class 4 - payments in Plan (2342 NW 56 St, Miami, FL 33142) |
| 6 | 10 | Seterus, Inc., as Subservicer for FNMA | $145,000.00 | Secured creditor treated in Class 6 - payments in Plan (17175 NW 41 Ave, Miami, FL 33055) |
| 9 | 11 | Wells Fargo Bank, N.A. | $208,000.00 | Secured creditor treated in Class 9 - payments in Plan (5201 SW 138 Terr, Miramar, FL 33027) |
| 3 | 12 | Wells Fargo Bank, N.A. | $100,900.00 | Secured creditor treated in Class 3 - payments in Plan (4922 NW 173 Dr, Miami, FL 33055) |
| 5A | SCH | U.S. Bank, N.A., as Trustee | $33,973.00 | Secured creditor treated in Class 5A - payments in Plan (4624 NW 29 Ave, Miami, FL 33142) |
| 11 | SCH | Nissan Motors | $475.53 | Claim regarding vehicle that was turned in - Debtor will file Objection to Claim |
| 11 | SCH | Nissan-Infinity L T | $19,720.00 | Claim regarding vehicle that was turned in - Debtor will file Objection to Claim |
| 10 | SCH | Direct Loans | $5,000.00 | Non-Dischargeable Student Loans - treated in Class 10 |
| 10 | SCH | Mohela - U.S. Dept. of Ed | $71,869.27 | Non-Dischargeable Student Loans - treated in Class 10 |
| 10 | SCH | Educaid 95-1 Texas Staff | $2,250.00 | Non-Dischargeable Student Loans - treated in Class 10 |
| 10 | SCH | Direct Loan Svc System | $50,207.00 | Non-Dischargeable Student Loans - treated in Class 10 - duplicate of Mohela - Debtor will file Objection to Claim as duplicative |

Exhibit "A"